IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VISION BANK, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 10-00172-N
 )
ALGERNON LAND COMPANY, L.L.C., )
and JAMES RAYFIELD, JR., )
 )
    Defendants. )

ORDER

This action[1] is now before the Court on a second motion (doc. 45) filed by Defendant/Counterclaim Plaintiff James Rayfield, Jr., to amend his counterclaim against Vision Bank and his Third Party Claim against Jule R Herbert, and on a motion (doc. 47) filed by the Plaintiff/Counterclaim Defendant Vision Bank to strike the jury demand asserted by Mr. Rayfield in his first Amended Answer. Upon consideration of these motions, the responses in opposition thereto (docs. 49, 50), Vision Bank's reply (doc. 51), and all other pertinent portions of the record, the undersigned Magistrate Judge concludes as follows.

    I.    <u>Second Motion to Amend Counterclaim</u>.

---

[1] This action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.Pro.73 (doc. 22) and pursuant to the consent of the parties (doc. 21).

Defendant/Counterclaim Plaintiff James Rayfield, Jr. seeks leave to amend his Counterclaim against Vision Bank and his Third Party Complaint against Jule R. Herbert, Jr. ,but has not submitted a specific proposed amendment. In a single page document, Mr. Rayfield merely states his desire to: (1) amend his Counterclaim against Vision Bank "to allege negligence and wantonness against Vision Bank in distributing construction funds to Defendant Algernon Land Company, LLC, through Jule R. Herbert, Jr. [and] approving loans to Algernon Land Company, LLC of $1,025,000.00 when Algernon Land Company, LLC had no source of income or means to repay such loans"; and (2) "to amend the Third Party Complaint against Jule R. Herbert, Jr. to allege legal malpractice violation of fiduciary relationship." Second Motion to Amend (Doc. 45) at 1.

*Motion to Amend Third Party Complaint Against Jule R. Herbert, Jr.*

Third Party Defendant Jule R. Herbert, Jr. has not filed any opposition to this motion to amend nor has he sought an extension of time within which to do so. Consequently it is **ORDERED** that Mr. Rayfield's motion to amend his Third Party Complaint against Jule R. Herbert is hereby **GRANTED**. It is **FURTHER ORDERED** that Mr. Rayfield **FILE** his Second Amended Third Party Complaint **no later than October 5, 2010** and that Jule R. Herbert **ANSWER** this Second Amended Third Party Complaint by **no later than October 19, 2010**.

*Motion to Amend Counterclaim Against Vision Bank*

Vision Bank opposes the motion to amend on the grounds that the proposed amendment does not meet the requirements of Fed.R.Civ.P. 13(e), namely that the proposed counterclaim against Vision Bank "matured or was acquired by the party after

serving an earlier pleading." Vision Opposition (Doc. 50) at ¶ 7, *quoting* Fed.R.Civ.P. 13(e). Vision Bank also argues that the proposed amendment does not meet the requirements of Fed.R.Civ.P. 13(f)[2], namely that the claim of negligence and wantonness was "omitted through oversight, inadvertence, or excusable neglect" and that justice requires the amendment. Vision Opposition (Doc. 50) at ¶ 1-2, *quoting* Fed.R.Civ.P. 13(f). The Advisory Committee Notes for Rule 13 establish, however, that "Rule 13(f) is deleted as largely redundant and potentially misleading" and that "[d]eletion of Rule 13(f) ensures that relation back is governed by the tests that apply to all other pleading amendments." Fed.R.Civ.P. 13 advisory committee's note (2009 Amend.) The Advisory Committee Notes further provides that "[a]n amendment to add a counterclaim will be governed by Rule 15," which clearly admonishes that leave to amend "should be freely given." *Id*.; Fed.R.Civ.P. 15. Although Vision Bank also contends that the proposed amendment is "fatally deficient and due to be dismissed as a matter of law," it does not specifically allege that the claim is futile but, rather, states that the merits will be addressed only if the Court permits the amendment.

Although Mr. Rayfield chose not to reply to Vision Bank's opposition, it is clear that Rule 13 does not bar the proposed amendment. In addition, Mr. Rayfield timely

---

[2] "Prior to December 2009, Rule 13(f) provided that a pleader could obtain leave of the court to amend the pleadings and assert a counterclaim that was omitted 'through oversight, inadvertence, or excusable neglect or if justice so requires.' " 6 Wright & Miller, Federal Practice & Procedure § 1430, 252 (2010) ("6 Wright & Miller"). However, the 2009 amendments eliminated Rule 13(f) "clarifying that the decision whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15." Id.

sought the amendment in question. *See* Rule 16(b) Scheduling Order (Doc. 37) at ¶ 5. The undersigned further concludes that, in view of the pleadings to date, an injustice may occur if leave is not granted to permit the amendment to add a negligence and wantonness claim. Consequently, it is **ORDERED** that Mr. Rayfield's motion to amend his Counterclaim against Vision Bank is hereby **GRANTED**. It is **FURTHER ORDERED** that Mr. Rayfield **FILE** his Second Amended Counterclaim **no later than October 5, 2010** and that Vision Bank **ANSWER** this Second Amended Counterclaim by **no later than October 19, 2010**.

II.     Motion to Strike Jury Demand.

Vision Bank's motion to strike the jury demand asserted by James Rayfield, Jr. in his Counterclaim is predicated upon the following provision of the Continuing Guaranty at issue in the Counterclaim:

> JURY TRIAL WAIVER. LENDER AND GUARANTOR HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CIVIL ACTION **ARISING OUT OF**, OR **BASED UPON**, THIS GUARANTY.

Complaint (doc. 1) and Exh. B, ¶ 24 (emphasis added). Vision Bank argues that Mr. Rayfield's fraudulent inducement claim is subject to this jury waiver provision.

Under Alabama law, "no constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury." Mall, Inc. v. Robbins, 412 So.2d 1197, 1199 (Ala. 1982). S*ee also* Hood v. Kelly, 231 So.2d 901, 904 (1970) (holding "[t]he right of jury trial is a personal right, of which no person can be deprived against his will, but there is neither constitutional nor statutory provision which prohibits him from waiving his constitutional privilege in civil actions.") Vision Bank relies principally on

In re AIG Baker Orange Beach Wharf, L.L.C., 2010 WL 1525088, * 4 (Ala. April 16, 2010), in which the Alabama Supreme Court held that a jury-waiver provision was applicable to the allegations of fraudulent inducement at issue in that case. Upon review however, the court finds that the AIG case in distinguishable from the facts of the instant action.

The waiver provision in AIG is far broader than the waiver at issue in this case in that it provided:

> Tenant and Landlord hereby waive any right to a trial by jury on any claim, counterclaim, setoff, demand, action or cause of action brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way pertaining or relating to: (i) this Lease; (ii) the relationship of Landlord and Tenant; (iii) the use and occupancy of the Premises; or (iv) in any way connected with or pertaining or relating to or incidental to any dealings of the parties hereto with respect to this Lease, or any other matter or controversy whatsoever between the parties; in all of the foregoing cases whether now existing or hereafter arising.

2010 WL 1525088 at * 1. The Alabama Supreme Court's decision to apply to waiver to the defendants' tort claims against AIG, including the fraudulent inducement claim, was specifically predicated on the breadth of the waiver:

> The jury-waiver provision in the present case applies not only to disputes "arising out of or in any way pertaining or relating to" the lease agreement or the guaranty document, which, as noted in Ex parte Cupps, [782 So.2d 772 (Ala. 2000)] has a broad scope, but also to disputes arising out of or in any way pertaining or relating to the relationship of the parties, i.e., "any dealings of the parties ... with respect to" the lease agreement or the guaranty document, " *or any other matter or controversy whatsoever between the parties* ...." The waiver further reiterates that " *any dispute or controversy whatsoever between [ the parties ]* shall ... be tried in a court of competent jurisdiction by a judge sitting without a jury." . . . Although this Court has indicated its unwillingness to "stretch the language of a contract to apply to matters that were not contemplated by the parties when they entered the contract," Koullas v. Ramsey, 683 So.2d 415, 417 (Ala. 1996),

> Coastal and Corrigan's allegations of fraudulent inducement on AIG's part in entering into the lease agreement and the guaranty document clearly pertain to or relate to the lease agreement (its negotiation), the "dealings of the parties" with respect to the lease agreement and the guaranty document, and a "dispute or controversy" between the parties.

*Id*. at * 3 (emphasis in original).

The waiver provision at issue in <u>Ex parte Cupps</u>, 782 So.2d 772 (Ala. 2000)[3] more closely aligns with the waiver provision asserted by Vision Bank. In <u>Cupps</u>, the contract provided:

> d. WAIVER OF RIGHT TO JURY TRIAL. The parties desire to avoid additional time and expense related to a jury trial of any disputes **arising under** this Forbearance Agreement or the Loan Documents. Accordingly, with respect to any such dispute, the Bank, the [sic] and Cupps each hereby mutually waive their right to a trial by jury and consent to the granting of such legal or equitable relief as is deemed appropriate by the judge of a court of competent jurisdiction.

782 So.2d at 775 (emphasis added). The Alabama Supreme Court emphasized that:

> In cases, such as this case, that involve contractual waivers, we give the text of the waiver a narrow and strict construction, in deference to the constitutional guarantee of the right to a jury trial. In <u>Mall, Inc. v. Robbins</u>, 412 So.2d 1197, 1200 (Ala. 1982), this Court stated, "[the] same public policy that applies the rule of strict construction will likewise limit the scope of operation of a jury waiver agreement to those controversies directly related to and arising out of the terms and provisions of the overall agreement containing the jury waiver provisions." Thus, we must strictly construe the operative language of the jury-waiver clause in the present case-that language provides that the waiver applies to "any disputes ***arising under*** [the] Forbearance Agreement or the Loan Documents."

---

[3] In <u>AIG</u>, the Alabama Supreme Court distinguished <u>Cupps</u>: "In *Ex parte Cupps*, this Court examined the scope of a jury waiver provision [and] noted that a provision applying only to claims 'arising from' or 'arising under' a contract has a narrow scope and 'exclude[d] claims that did not require a reference to, or a construction of, the underlying contract'." <u>AIG</u>, 2010 WL 1525088 at * 3, *quoting* <u>Cupps</u>, 782 So.2d at 776.

782 So.2d at 775-76 (emphasis in original). Applying by analogy cases addressing arbitration clauses, the Alabama Supreme Court reiterated the following principle:

> "Where, as here, an arbitration clause refers to disputes or controversies 'arising under' an agreement, the clause will apply only to those claims arising under the terms of the agreement, and it will not extend to matters or claims independent of, or merely collateral to, the agreement. Old Republic Ins. Co. v. Lanier, 644 So.2d 1258 (Ala. 1994). We agree that, in order for a dispute to be characterized as arising out of or relating to the subject matter of the contract, and thus subject to arbitration, it must at the very least raise some issue that cannot be resolved without a reference to or construction of the contract itself. Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526 (Ct.App. 1990); Terminix Int'l Co., L.P. v. Michaels, 668 So.2d 1013 (Fla.Dist.Ct.App. 1996); Greenwood v. Sherfield, 895 S.W.2d 169 (Mo.App. 1995)."

782 So.2d at 776. The Alabama Supreme Court applied this principle in Cupps and concluded as follows:

> Cupps's claims alleging fraudulent inducement, suppression, and tortious interference with contractual relations do not require a reference to, or a construction of, the Forbearance Agreement or the loan documents. The fraudulent-inducement claim and the suppression claim allege torts relating to the formation of the contract and not to the contract itself. The claim alleging tortious interference with contractual relations is even more independent from the contract, because it does not deal with the contract formation whatever. All three of these claims may be resolved without referring to the terms of the Forbearance Agreement or the loan documents; therefore, while these claims may indeed arise out of the business relationship between Cupps and SouthTrust, they cannot be said to "arise under" that agreement or those documents. Consequently, applying the principle set out in Mall, Inc. v. Robbins, *supra*, we hold that Cupps did not contractually waive his right to a jury trial as to these three tort claims. We grant Cupps's petition insofar as it relates to those claims, and we direct the circuit court to set aside its order denying Cupps's demands for a jury trial on those claims.

782 So.2d at 776-77.

Mr. Rayfield's claims alleging fraudulent inducement, as well and negligence and wantonness, "in distributing construction funds to Defendant Algernon Land Company, LLC, through Jule R. Herbert, Jr. [and] approving loans to Algernon Land Company, LLC of $1,025,000.00 when Algernon Land Company, LLC had no source of income or means to repay such loans" similarly "do not require a reference to, or a construction of," the Guaranty Agreement at issue in this litigation. Based on the foregoing, it is the determination of the undersigned that Mr. Rayfield did not contractually waive his right to a jury trial as to these tort claims when he signed the Guaranty Agreement. It is, therefore, **ORDERED** that Vision Bank's motion to strike Mr. Rayfield's jury demand is hereby **DENIED**.

**Done** this 23rd day of September, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**