IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00172-N |
| | ) | |
| ALGERNON LAND COMPANY, L.L.C., | ) | |
| and JAMES RAYFIELD, JR., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This action is before the Court on the motion (doc. 124) by Vision Bank, the

Plaintiff herein, for this Court to issue an order substituting SE Property Holdings, LLC

("SE Property") in its place as the party Plaintiff in this action. The motion is predicated

upon the fact that "a complete merger and transfer of interest of this action has been made

unto, and accepted by SE Property from Vision Bank," (Doc. 124).

Background.

On June 17, 2011, Judgment was entered (doc. 108) in favor of the plaintiff,

Vision Bank, and against the defendants, Algernon Land Company, L.L.C., and James

Rayfield, Jr., jointly or severally, in the amount of $1,225,664.08, said sum to bear

interest at the legal rate of .18% from the date of judgment. This judgment was affirmed

by the Eleventh Circuit November 18, 2011 (doc. 123). A mandate has not yet issued in

this case. There is no indication that the judgment in this case, or any portion of it, has

been satisfied.

<u>Standard of Review</u>.

Rule 25 of the Federal Rules of Civil Procedure provides, in part:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed.R.Civ.P. 25(c). "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." <u>Luxliner P.L. Export Co</u>., 13 F.3d 69, 71 (3<u>rd</u> Cir. 1993), *citing* <u>Froning's, Inc. v. Johnston Feed Service, Inc.</u>, 568 F.2d 108, 110 (8<u>th</u> Cir. 1978)(assignment of claims); <u>DeVilliers v. Atlas Corp.</u>, 360 F.2d 292, 297 (10<u>th</u> Cir. 1966)(merger); <u>Hazeltine Corp. v. Kirkpatrick</u>, 165 F.2d 683, 685-86 (3<u>rd</u> Cir. 1948)(transfer of patents).

The Court may, within its discretion, permit the substitution of parties pursuant to Rule 25(c) of the Federal Rules of Civil Procedure even after judgment is entered where substitution is necessary for enforcement of the judgment. <u>Luxliner</u>, 13 F.3d at 71 ("substitution has been upheld even after litigation has ended"). *See also*, <u>Bamerilease Capital Corp. v. Nearburg</u>, 958 F.2d 150, 153-54 (6<u>th</u> Cir. 1992)(affirming substitution in the context of proceeding to enforce a settlement agreement); <u>Explosives Corporation of America</u>, 817 F.2d 894, 905 (1<u>st</u> Cir. 1987)( "[t]he underlying legal principle that a participating nonparty is bound by the judgment does not, however, depend on the procedural stance of the case ... this should not preclude substitution after judgment has been rendered ..." (citations omitted)); <u>Arnold Graphics Industries, Inc. v. Independent</u>

Agent Center, Inc., 775 F.2d 38, 40 (2nd Cir. 1985)(affirming substitution of successor after entry of judgment); Air Line Pilots Ass'n v. Texas Int'l Airlines, 567 F.Supp. 78, 81 (S.D. Tex. 1983)(where necessary for enforcement of a judgment, court can substitute party even   after the judgment); Levin v. Garfinkle, 514 F.Supp. 1160, 1163 (E.D. Pa. 1981)( "Rule 25(c) can be employed after entry of judgment....")

"[I]t is well established that under Rule 25(c) a court can substitute parties, even after judgment, where substitution of a party is necessary for enforcement of the judgment." Greater Potater Harborplace, Inc. v. Jenkins, 935 F.2d 267 (4th Cir. 1991) *citing* Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8 (7th Cir. 1977); Air Line Pilots Ass'n v. Texan Int'l Airlines, 567 F.Supp. 78, 81 (S.D. Tex. 1983); 3B Moore's Federal Practice ¶ 25.03 [1], at 25-27 (2d ed. 1990).  In Air Line Pilots Ass'n v. Texas Int'l Airlines, the district court opined, in part:

> Rule 25(c), Fed.R.Civ.P., has application only to actions "pending" in the district courts. Nevertheless, substitution after judgment may be rendered in the district court, among other things, for the purpose of subsequent proceedings to enforce a judgment. Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc., 566 F.2d 8 (7th Cir.), *cert. denied*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1977). "Thus, it would seem that substitution pursuant to Rule 25 would be proper where, by motion, a judgment is sought to be enforced, ... and substitution of a party is necessary." 3B J. Moore, Moore's Federal Practice ¶ 25.03[1] at 25-28 (2d ed. 1982). Therefore, to the extent that substitution is sought for the purpose of enforcing the Court's judgment (i.e., to enable the UFA to appear before the System Board of Adjustment) the motion to substitute the UFA for the AFA is granted.

567 F.Supp. at 81.   In a more recent case, a district court from the Northern District of Texas opined:

3

> "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). In the present case, a final judgment had already been rendered when the Court granted Cadle's Motion to Substitute. "Substitution is appropriate after judgment for the purpose of subsequent proceedings to enforce the judgment." 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 25.35[1] (--ed. 2007); *see also* Air Line Pilots Ass'n Int'l v. Tex. Int'l Airlines, Inc., 567 F.Supp. 78, 81 (S.D. Tex. 1983) (*citing* Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8, 23 (7th Cir. 1977)). "[M]ost post judgment orders are final decisions ... as long as the district court has completely disposed of the matter." United States v. Steward, 452 F.3d 266, 272 (3rd Cir. 2006) (*quoting* Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3rd Cir. 1986)) (internal quotation marks omitted).

F.D.I.C. v. Neubauer, 2007 WL 2350892, *3 (N.D. Tex., August 17, 2007).  *See also*, In re J.A.R. Barge Lines, L.P., 2007 WL 1451282, *6( W.D. Pa., May 15, 2007)("When a defendant corporation has merged with another corporation, ... the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit [and] [s]uch a substitution has been upheld 'even after litigation has ended as long as the transfer of interest occurred during the pendency of the case'."), *quoting* Luxliner, 13 F.3d at 71.

Analysis.

The evidence submitted with the motion to substitute SE Property (doc. 124) establishes that Plaintiff Vision Bank has transferred all interest in this action to SE Property.  Inasmuch as there is no indication that the judgment against the defendants has yet been satisfied, in whole or in part, the substitution sought should be permitted.

It is therefore **ORDERED** that, unless the defendants, Algernon Land Company, L.L.C., and James Rayfield, Jr., jointly or severally, **SHOW CAUSE** by **no later than March 19, 2012**, why SE Property should not be substituted for Vision Bank in this case, the motion to substitute is hereby **GRANTED.**

**DONE** this   12th   day of March, 2012.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE